IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JANET L. THOMPSON,

           Petitioner,

v.                                    CIVIL ACTION NO.  2:06-cv-00585

VISTA VIEW, LLC.  et al.,

           Respondents.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is a Motion for Costs by defendant ADP Totalsource FL XI, Inc. ("ADP"), pursuant to Federal Rule of Civil Procedure 54(d)(1) [Docket 236].  ADP requests an award of costs of $3,384.75.  The plaintiff, Janet Thompson, opposes the Motion.  As explained below, the Motion is **DENIED**.

Rule 54(d)(1) provides, "Unless . . . a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."   While a district court has discretion to award costs, the Fourth Circuit has explained that there is a presumption that the prevailing party's costs should be taxed to the losing party.  *Cherry v. Champion Intern. Corp.*, 186 F.3d 442, 446 (4th Cir. 1999).  "To overcome the presumption, a district court must justify its decision to deny costs by articulating some good reason for doing so."   *Id.* (internal quotation marks omitted). "Costs may be denied to the prevailing party only when there would be an element of injustice in a presumptive cost award."  *Id.*  A district court may consider several factors in deciding whether

to award costs: the losing party's inability to pay; the excessiveness of the costs; the limited value of the prevailing party's victory; and the closeness and difficulty of the issues decided. *Id.*

The court concludes that Thompson's inability to pay ADP's costs justifies denying ADP's Motion. There is no doubt in this case that ADP was a "prevailing party." It won summary judgment as to all of the claims against it on August 24, 2009. But to say that Thompson is of extremely limited means is an understatement. She has testified that she made $8000 in 2008, and that she expects to earn a similar amount in 2009. Thompson has lived in publicly subsidized housing for over a decade. During that time, she has rarely held a job for more than a few weeks, often in temporary positions. Costs should not be awarded "when there would be an element of injustice in a presumptive cost award." *Id.* Given Thompson's financial position, requiring her to pay half of her annual salary to cover ADP's costs would be unjust. Therefore, ADP's Motion for Costs is **DENIED**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

        ENTER:    October 14, 2009

*Joseph R. Goodwin*
Joseph R. Goodwin, Chief Judge